IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SUSAN HEDGEPETH                                                                                    PLAINTIFF

V.                                                   CIVIL ACTION NO. 2:18-cv-161-KS-MTP

CARMAZZIE, INC., d/b/a CARMAZZI
GLOBAL SOLUIONS                                                                              DEFENDANT

# ORDER

This cause came before the Court on Defendant's Motion to Dismiss [8]. The motion has been fully briefed [10, 11]. Having reviewed the parties' submissions, the pleadings, and the relevant case law, the Court finds the motion is well taken and should be granted in so far as the Complaint will be dismissed without prejudice with leave given to amend to establish subject matter jurisdiction.

Defendants move for dismissal for want of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Under Federal Rule of Civil Procedure 8, a pleading that states a claim for relief is required to contain "a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). The Complaint in this case contains no statement of jurisdiction whatsoever. In her response, Plaintiff now contends there is federal question jurisdiction under the "Service Contract Labor Standards Act"[1] and the Fair Labor Standards Act ("FLSA").

It is "well settled that a course of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Heimann v. Nat'l Elevator Indus. Pension*

---
[1] Title 41 Section 6701, *et seq*. of the United States Code is known as the McNamara-O'Hara Service Contract Act ("SCA"), which was previously codified at 41 U.S.C. § 351, *et seq.*.

*Fund*, 187 F.3d 493, 499 (5th Cir. 1999); *Burton v. Southwood Door Co.*, 305 F. Supp. 2d 629, 632 (S.D. Miss. 2003) ("The determination whether a plaintiff's claim arises under federal law is made by examining the 'well pleaded' allegations of the complaint."). There are no well-pleaded allegations within the Complaint that would give rise to causes of action under the SCA[2] or the FLSA[3]–only what appears to be a breach of contract claim. Therefore, based on the allegations of the Complaint, there appears to be no basis for federal jurisdiction at this time.

Based on the foregoing, the Motion to Dismiss is granted with leave given to the Plaintiff to amend within twelve (12) days from the date of this Order so as to properly plead and establish federal subject matter jurisdiction. Plaintiff is cautioned to take into consideration the Court's footnote commentary and to be certain its allegations and causes of action are pled in good faith, lest the Plaintiff be subject to Rule 11 sanctions. Should Plaintiff fail to amend and chooses instead to bring suit in a proper court of competent jurisdiction, the case will be closed.

SO ORDERED AND ADJUDGED this 2nd day of January 2019.

/s/ Keith Starrett  
KEITH STARRETT  
UNITED STATES DISTRICT JUDGE

---

[2] The Court questions, but need not decide, whether a private right of action exists under the SCA. Numerous other courts have found it does not. *See, e.g., U.S. ex rel. Sutton v. Double Day Office Svcs., Inc.*, 121 F.3d 531, 533 (9th Cir. 1997); *Dist. Lodge No. 166 Int'l Ass'n of Machinists & Aerospace Workers, AFL–CIO v. TWA Servs., Inc.,* 731 F.2d 711, 714–16 (11th Cir.1984), *cert. denied,* 469 U.S. 1209 (1985); *Int'l Ass'n of Mach. & Aero. Workers v. Hodgson*, 515 F.2d 373 (D.C. Cir.1975); *Gautier Rodriguez v. Mason Tech., Inc.*, 931 F. Supp. 114, 118 (D.P.R. 1996); *Oji v. PSC Envtl. Mgmt. Inc.*, 771 F. Supp. 232 (N.D.Ill.1991); *Nichols v. Mower's News Svc., Inc.*, 492 F. Supp. 258 (D.Vt.1980).

[3] See 29 U.S.C. § 216(b) for the enforcement provision of the FLSA, which provides for penalties/liability only for violations of Sections 206, 207, or 215(a)(3) of the FLSA. Section 206 establishes the current minimum wage as $7.25 per hour; Section 207 addresses failure to pay overtime; and Section 215(a)(3) addresses retaliation. No allegations in Plaintiff's complaint address any of these kinds of FLSA violations. Contrary to Plaintiff's assertion in her response, [10] at ¶ 4, the Court is not aware of any basis for recovery under the FLSA for a party's failing to timely pay under a services contract.